UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RITIK KUMAR, Petitioner,

v. Civil Action No. 4:26-cv-481-RGJ

MIKE LEWIS, et al., Respondents.

**ORDER**

This matter is before the Court on Petitioner Ritik Kumar's Writ of Habeas Corpus [DE 1], Motion for Temporary Restraining Order [DE 9], and Motion for Ruling [DE 19]. A show cause Order was issued on July 21, 2026. [DE 11]. Respondents responded on July 24, 2026. [DE 13]. Petitioner replied on July 29, 2026. [DE 16]. The parties agreed no evidentiary hearing is necessary. [DE 14]. This matter is ripe for adjudication. For the reasons below, the Petition for Writ of Habeas Corpus [DE 1] and Motion for Ruling [DE 19] are **GRANTED**. The Motion for Temporary Restraining Order [DE 9] is **DENIED** as **MOOT**.

There is no dispute regarding the relevant facts. Petitioner Ritik Kumar's ("Kumar") is a citizen of India who entered the United States on October 22, 2023 near Lukeville, Arizona. [DE 13-1]. Kumar was served a Notice to Appear, placed in removal proceedings, and released on his own recognizance for humanitarian reasons. [*Id.*]. On or about July 7, 2026, Kumar was stopped by an Indiana State Police trooper in a routine traffic stop and was subsequently detained by ICE officers. [DE 1 at 2]. Kumar remains in detention and has not been provided a bond hearing by Respondents. [*Id.*].

The parties further agree that Kumar's detention is governed by Section 1226(a), pursuant to *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–35 (6th Cir. 2026). [DE 1 at 7; DE 13 at 82 ("He

is detained under 8 U.S.C. § 1226(a) and can move the immigration court for a custody redetermination, but he has not done so.")].

Although the parties agree Section 1226(a) governs Kumar's detention, the United States asserts that Kumar's "detention is lawful because . . . he cannot complain of a due process violation when he has access to process (a custody redetermination proceeding in immigration court) of which he has not availed himself." [DE 13 at 86]. In other words, the United States agrees that Kumar is entitled to a bond hearing but must first request one before asserting a due process violation. According to Kumar's Form I-213, Record of Deportable/Inadmissible Alien, however, he is being "[h]eld in ICE Custody without bond due to a current ICE Policy." [DE 13-2 at 96].

Pursuant to Section 1226(a) and 8 C.F.R. § 236.1(d), ICE makes an initial custody determination, records it on Form I-286, and then the noncitizen may request a redetermination. 8 C.F.R. § 236.1(d). Here, however, ICE never made an initial custody determination and, according to the record, never served an I-286. Instead, the United States asserts that "Petitioner's I-200 Warrant for Arrest of Alien and Cancellation of Form I-220A gave him notice of his custody determination and the reasons for it." [DE 13 at 90]. Even so, the Form I-213 stated that Kumar was to be held "without bond due to current ICE Policy." [DE 13-2 at 96]. In other words, ICE determined, and Kumar was informed, that he was to be detained under "current ICE Policy," which has been mandatory detention without a custody redetermination hearing. This Court has previously found this ICE Policy is "akin to mandatory detention under Section 1225(b)." *Randhawa v. Maglinger et al.*, 4:26-cv-00442-RGJ, Dkt. 14 (W.D. Ky. July 13, 2026) (rejecting argument that petitioner was required to request bond hearing and finding ICE's Policy was equivalent to the petitioner "being subjected to mandatory detention that *Lopez-Campos* forbids for petitioners under Section 1226(a)"). To the extent that Respondents maintain that Kumar is

eligible for a bond hearing, it is unknown why Respondents have not facilitated such a hearing in light of Kumar initiating this action. The initiation of such action being a clear indication of a request for bond hearing.

Like the Petitioners in *Lopez-Campos*, Kumar has "a liberty interest to be free from detention." *Lopez-Campos*, 175 F.4th at 734. Deprivation of that interest "without bond under § 1226(a) [is] a deprivation of liberty that violates [his] due process rights" and makes his continued detention unlawful. *Id.* The proper remedy for unlawful executive detention is release. *See Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("[C]ourts across the country have ordered the release of individuals stemming from ICE's illegal detention."); *Minarcaja Concha v. Lyons*, 818 F. Supp. 3d 367, 390 (E.D.N.Y. 2026) ("Release from detention is the typical remedy for unlawful executive detention.") (cleaned up); *Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025) (ordering petitioner's "release from custody as a remedy for ICE's illegal re-detention"). *See also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

For the reasons set forth above, the Court **GRANTS** Kumar's Petition for Writ of Habeas Corpus [DE 1] and Motion for Ruling [DE 19] and **ORDERS** the following:

(1) the United States is directed to release Petitioner Kumar immediately because of the unlawful detention in violation of his due process rights; and

(2) the United States must certify compliance with the Court's order by a filing on the docket **by August 24, 2026.**

(3) Kumar's Motion for Temporary Restraining Order [DE 9] is **DENIED** as **MOOT**.

Rebecca Grady Jennings, District Judge
United States District Court

August 21, 2026